UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HELEN SOPHIA PURDY, | No. 2:17-cv-00307 KJM GGH HC |
|---|---|
| Petitioner, | |
| v. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

*Discussion*

The Complaint here purports to seek habeas corpus relief, but there is no indication anywhere in the 114 pages of briefing and 626 pages of exhibits submitted by petitioner to indicate that she is incarcerated. Petitioner has attached an En Banc Order from the Supreme Court of the State of California, found at ECF No. 1 at 79, in which that Court denied a writ for habeas corpus by citing People v. Villa, 45 Cal.45th 1063 (2009) and In re Wessley W., 125 Cal.App.3d 240, 256 (1981) both of which area cases denied writs on the ground that the petitioner was not in custody. Habeas is a remedy for a person incarcerated in violation of federal

constitutional rights[1].  Thus there is no jurisdiction for this matter in the absence of an allegation that petition in currently incarcerated.

Finally, in the 741 pages of material submitted by petitioner she appears to admit that she was never incarcerated and instead is seeking relief for wrongs brought upon her by law enforcement officials and her defense lawyer in one, or perhaps two, incidents that never resulted in trial, conviction, and incarceration, but the material is so dense and unfocused that this court cannot determine if this interpretation is correct or not.

Assuming arguendo that petitioner is complaining of treatment short of conviction and incarceration brought to bear against her by state actors, she may have a claim under 42 U.S.C. section 1983 for a civil remedy, but that is not clear either.  If, however, that is the gravamen of her claim, she will be granted leave to file an Amended Complaint properly pleading a section 1983 claim but any such amended complaint must comport with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

*Federal Rule of Civil Procedure 8*

This Federal Rule sets the standard for proper pleading in a federal court.  Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim that states the facts and demonstrates the basis for the relief plaintiff seeks, and a demand for the relief sought.  The present complaint has no organized statement of facts, but rather a rambling narrative of the actions of many persons at many times that are apparently unconnected one from the other.  The court will, at this point, merely suggest that the plaintiff engage in some research of the basis for and relief available under 42 U.S.C section 1983 to determine if she can plead such a claim which would give this court jurisdiction.

---

[1] Petitioner had also filed an earlier habeas petition in this court in which then Magistrate Judge Dale A. Drozd recommended petitioner's request to stay proceedings for exhaustion on the ground be denied that no exhausted grounds were found in the Petition and the Complaint pleading dismissed without prejudice.  Purdy v. Butte County Superior Court, 2:12-cv-01830 JAM DAD P at ECF 35.  The District Judge entered an Order adopting that recommendation on August 12, 2014, ECF No. 36, and judgment was entered on that Order on the same date.  ECF No. 37.  This dismissal is, perhaps, what led to the Supreme Court decision identified above.

If the petitioner[2] cannot state a basis for federal jurisdiction – a federal statute or federal constitutional provision – that would entitle her to relief in a federal court, the filing of an amendment would be a fruitless exercise and she should, instead, pursue her rights in a California Superior Court.

*Conclusion*

As a result of the foregoing, IT IS ORDERED THAT;

1. Petitioner's motion to proceed in forma paueris is GRANTED;

2. Petitioner's petition/complaint is DISMISSED with leave to amend;

3. Petitioner may file an amended complaint in conformity with the dictates of this Order no more than 30 days from the date of this Order.

**IT IS SO ORDERED.**

Dated:  March 10, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] Any such complaint should identify petitioner her as "Plaintiff" and name the entities or state actors who purportedly denied her rights amenable to remedy under section 1983.