UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN SOPHIA PURDY,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:17-cv-00307 KJM GGH<br><br><br>ORDER |

Petitioner filed her petition for habeas corpus on February 13, 2017. ECF No. 1. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21). In forma pauperis status was granted to petitioner by this court's order of March 13, 2017. ECF No. 6. The petition was dismissed in that same order, insofar as in the 741 pages of material submitted by petitioner, it appeared she admitted she had never been incarcerated and was "instead seeking relief for wrong brought upon her by law enforcement officials and her defense lawyer." *Id*. at 3:3-7. The court noted that the materials submitted by petitioner included an order from the California Supreme Court, ECF No. 1 at 79, in which that court denied her writ relying on cases that denied writs on the ground that the petitioner was not in custody. ECF No. 6 at 2:22-3:1. For this reason the magistrate judge dismissed the petition for lack of jurisdiction with leave to file a complaint within 30 days of the order to seek relief under 42 U.S.C. section

/////

1

1983 if that was indeed the basis for petitioner's grievance. Thus plaintiff's complaint was due to be filed on April 13, 2017. *Id*. at 4:9-10.

On March 27, 2017, petitioner requested an extension of time to act upon the court's order. ECF No, 7. Given that the order required petitioner to fashion an entirely new complaint, the court extended her 45 days, with her amended complaint due on May 8, 2017. ECF No. 8. On May 15, 2017, having received no amended complaint, the magistrate judge issued findings and recommendations that plaintiff's still-pending habeas corpus petition be dismissed without prejudice. ECF No. 9. In those findings and recommendations, the magistrate judge gave the petitioner fourteen (14) days, or until May 29, 2017, to object and warned that a failure to do so within the specified time could waive her right to appeal any order ultimately issued by this district court. *Id*. at 1:25-2:3. Not only did petitioner not file objections by May 29, she was silent until June 5, 2017 when she filed a request for an additional 30 day extension of time to file a complaint. ECF No. 12. Petitioner's request for more time confirms she is not incarcerated. *Id.*

At this point, more than 80 days had passed since petitioner was given notice she must take action on filing a complaint in lieu of a petition for habeas corpus. Indeed petitioner has had notice of the need to take action for over a year since the California Supreme Court's opinion gave her notice on March 23, 2016, by its citation to two cases, *People v. Villa*, 45 Cal.4th 1063 (2009) and *In re Wessley W.*, 125 Cal.App.3d 240, 246 (1981), that she was ineligible for a writ of habeas corpus because she was not in custody, or in a position of having her physical freedom restrained in any way by criminal proceedings or court actions. ECF No. 1 at 79. Thus she has had, in actuality, some 14 months to fashion a different approach to her claims of injury. Petitioner has had more than sufficient time to comply with the orders of this court in a timely fashion and has failed to do so.

/////
/////
/////
/////

2

In light of the foregoing, and having conducted a de novo review of the magistrate judge's recommendation that the petition be dismissed without prejudice for lack of jurisdiction, ECF No. 9, IT IS HEREBY ORDERED THAT:

1. Petitioner's request for a further extension of time is denied;
2. Petitioner's writ is dismissed without prejudice;
3. No certificate of appealability will issue; and
4. The Clerk of the Court shall close this case.

DATED: August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE