UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN SOPHIA PURDY, | No. 2:17-cv-0307 KJM GGH |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

*INTRODUCTION*

The Ninth Circuit Court of Appeal has referred petitioner's appeal to this court for a determination whether a filing made by petitioner o August 28, 2017 in response to a final order and judgment could constitute one of the motions listed in Federal Rule of Appellate Procedure ["FRAP"] 4(a)(4) and, if so, whether the motion should be granted or denied. ECF No. 20 (11/1/17). That Rule states the following:

(a)        Appeal In a Civil Case

       (4)     Effect of a Motion on a Notice of Appeal

(A)    If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time   allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

1

| | |
|---|---|
| 1 | (i) for judgment under Rule 50(b); |
| 2 | (ii) to amend or make additional factual findings under Rule 52(b), |
| 3 | whether or not granting the motion would alter the judgment; |
| 4 | appeal under Rule 58; |
| 5 | (iii) for attorneys fees under Rule 54 if the district court extends the |
| 6 | time to appeal under Rule 58; |
| 7 | (iv) to alter or amend the judgment under Rule 59; |
| 8 | (v) for a new trial under Rule 59; or |
| 9 | (vi) for relief under Rule 60 if the motion is filed no later than 28 days |
| 10 | after the judgment is entered. |

The undersigned finds, that at best, Fed. R. Civ. P 52(b) may be at issue, but petitioner/plaintiff's "motion", i.e. "Response," is completely unresponsive to why this case was dismissed. A brief procedural background of petitioner's actions in this court is required in order to make clear the status of the matter over time.

*PROCEDURAL BACKGROUND*

A. Case No. 2:12-cv-01830-JAM-DAD

Petitioner filed her first petition for habeas corpus on July 11, 2012 in case No. 2:12-cv-01830-JAM-DAD. ECF No. 1. The petition reflected she was convicted in Butte County Superior Court on August 14, 2008 and sentenced on March 12, 2009 with a release date of September 19, 2009.

On July 11, 2012 petitioner filed her petition. ECF No. 1. Included in the Exhibits attached to her 102 page petition reflects several filings with the Third District Court of Appeal seeking a Writ of Mandate and Order to the Butte County Superior Court to hold a hearing on a petition for a writ of habeas corpus filed in October 2011. Id. at 13-39. See also id. at 63. That state petition was ultimately denied on December 5, 2011 due to vague, unsupported and conclusory allegations, facts alleged, if true, failed to establish a prima facie case for relief, the petition asserted claims that were or could have been raised on appeal; petitioner failed to justify significant delay in filing petition, alleged ineffective defense counsel but failed to show

prejudice, no merit to claim of ineffective counsel. ECF No. 2-6 at 604.

On July 10, 2012, petitioner entered her Prisoner numbers X33771-Z and X35784. ECF No. 2 at 6 (electronic pagination). Her address at that time was an apartment in Chico, California, which is within Butte County where she was tried and sentenced. Id. at 6. On November 5, 2012 petitioner noticed a change of address to Worcester, New York, although she again reflected the same prisoner numbers. ECF No. 10. It should be noted that this document was filed three (3) years after her scheduled release date of September 19, 2009, reflected in her original petition and ECF No. 2-2 at 41, and 11 months after her petition was denied by Butte County Superior Court.

On April 11, 2013 this district court granted petitioner 30 days to file a petition using the court's form for filing. ECF No. 13.

On May 14, 2013 the court extended petitioner's time to file to 30 days within the issuance of the Order. ECF No. 17. When petitioner filed no petition, the magistrate judge recommended on July 2, 2013 that petitioner's petition be dismissed for failure to comply with the court's order and provided petitioner 14 days to object, warning her that failure to timely object could result in waiver of her right to appeal the District Court's ultimate Order. ECF No. 18.

On August 8, 2013, well beyond the time for objections, petitioner filed four documents: (1) a Motion for Clarification where she restated the bases for her petition, ECF No. 19; (2) another change of address to a new location in Worcester, N. Y., ECF No. 20; (3) Objections to the Findings and Recommendations of July 2, 2013 where she once again stated her grounds for the petition and sought appointment of counsel but did not directly address the court's findings, ECF No. 21; (4) a Motion for Extension of time to file a petition on the ground that she was required to take care of her grandchildren while her daughter had surgery, thereby at least suggesting she was not incarcerated, ECF No. 22; and (5) a First Amended Petition. ECF No. 23.

On September 5, 2013 the district court filed an Order dismissing the petition for failure to comply with the court's order and closed the case. ECF No. 24. Judgment was entered on the dame day. ECF No. 25.

On September 20, 2013, the court ordered the case reopened and referred it back to the

3

| | |
|---|---|
| 1 | magistrate judge. ECF No. 26. On October 21, 2013 the court granted petitioner 30 days to file a |
| 2 | Second Amended Petition. ECF No. 28. |
| 3 | On October 23, 2013, petitioner changed her address to a Post Office Box in Worcester, |
| 4 | N.Y. ECF No. 30. |
| 5 | Petitioner did not file an amended petition, instead notifying the court on October 23, |
| 6 | 2013 that she had mailed two copies of a petition on 7/24/13 accompanied by illegible "proofs of |
| 7 | mailing," bur acknowledges that the Clerk of the Court informed her no such material had been |
| 8 | received. ECF No. 31. |
| 9 | On November 27, 2013 petitioner requested a stay of proceedings to allow her to exhaust |
| 10 | her remedies through the California and United States Supreme Courts. ECF No. 33. |
| 11 | On June 10, 2014 the magistrate judge recommended denial of the request for stay and |
| 12 | that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). |
| 13 | EC No. 35. Petitioner's copy of the recommendation was returned as "undeliverable mail" on |
| 14 | June 23, 2014 per a Clerk's docket note, and on August 12, 2014 the district judge adopted the |
| 15 | recommendation, dismissed the petition without prejudice, declined to issue a Certificate of |
| 16 | Appealability, and closed the case. ECF No. 36. Judgment was entered the same day. ECF No. |
| 17 | 37. Both the mailings of ECF Nos. 36 and 37 to petitioner's P. O. Box were returned to the court |
| 18 | as "undeliverable" on August 22, 2014. See Clerk's docket note. |
| 19 | B.    Case No. 2:17-cv-00307-KJM-GGH (the case at issue) |
| 20 | The petition/complaint that is the subject of the Circuit's Order of November 1, 2017, |
| 21 | ECF No. 20, was filed February 13, 2017, over two years after the original petition was |
| 22 | dismissed. ECF No. 1. This petition contains the same prisoner reference numbers as did the |
| 23 | earlier one – X3371-Z and X35784 – and addresses the same conviction date but a sentencing |
| 24 | date in January 7, 2009, although the petitioner indicates she is unsure of the accuracy of these |
| 25 | dates. Id. at 1. The address provided by petitioner in this case is a P. O. Box in Oneonta, N.Y. |
| 26 | (See the Civil Cover Sheet) |
| 27 | The "petition/complaint" is designated as such because the voluminous filings contained |
| 28 | both a petition for habeas corpus relief and a civil rights complaint. ECF No. 1 at 1-16 and 17-25 |

(although one page within the complaint confusingly references a petition for habeas corpus).

On March 13, 2017 the magistrate judge to whom the matter was referred issued an Order granting petitioner in forma pauperis status and dismissing the petition/complaint with leave to amend within 30 days in conformity to instructions in the Order. In this Order the court noted that among the 114 pages of briefing and 626 pages of exhibits submitted by petitioner was an En Banc Order from the California Supreme Court that denied a writ based upon case citations that gave petitioner notice that there was no indication petitioner was in custody. ECF No. 6 at 2-3. The court indicated that the confused pleadings seemed to primarily address not incarceration or any other type of custody, but official mistreatment by lawyers and enforcement officials and allowed for the filing of a section 1983 claim in a civil complaint (or an amended petition) conforming to the instructions in the order within 30 days. Id. at 6.

On March 31, 2017 the court granted petitioner's request for a 45 day extension of time to file an amended complaint, ECF No. 8, and when no amended pleading was filed within the 45 days, recommended the "petition" be dismissed without prejudice. ECF No. 9.

On May 16, 2017, instead of filing objections, the petitioner sought another 30 day extension of time to replead, ECF No. 10, which request was granted on June 5, 2017 with notice that no further extensions would be granted absent a showing of "extraordinary good cause." ECF No. 11. Despite this latest respite from the Findings and Recommendations, petitioner filed a motion for extension of time to object to the Findings and Recommendations. In response the district judge denied the motion for extension, dismissed the petition without prejudice and the case was closed and judgment entered on August 9, 2017. ECF Nos. 13, 14.

On August 28, 2017 petitioner responded to the dismissal and entry of judgment with a "Response" indicating that she was incarcerated for over one year, suggesting that the court was ruling based on its belief that she had never been incarcerated. ECF No. 15. She has made this same point on several occasions so her filing did not add to the already fully developed understanding or confusion the court had of the case.

Finally, on September 25, 2017 petitioner appealed to the Ninth Circuit Court of Appeals, ECF No. 17, and on November 1, 2017 the Circuit Court Order being addressed here concerning

the "Response" was issued. ECF No. 20.

*DISCUSSION*

As indicated above, the undersigned will address the "Response" under Fed. R. Civ. P. 52(b)—a rule which considers the findings, i.e., basis, leading to dismissal or judgment. The Rule is used to correct manifest errors of law or fact, or consider newly found evidence. ATS Products v. Ghiorso, 2012 WL 1067547 *1 (N.D. Cal. 2012); Poloock v. Northrup Grumman Health Plan, 2011 WL 13134616 (C.D. Cal. 2011). As is clear from the above procedural discussion, the basis of the dismissal was petitioner/plaintiff's failure to amend her original pleading to set forth either a viable civil rights complaint, or at the very least, a claim in habeas corpus, the sine qua non of which was some type of custody, i.e., incarceration, probation, parole, at the time of the initial filing. The merits of Petitioner/plaintiff's, whatever they are, were not reached; no claims were finally dismissed. Petitioner/plaintiff's Response asserting that she was incarcerated at one time in the past, although incorrectly asserted as a basis for habeas corpus jurisdiction, simply was unresponsive to the reason for dismissal, petitioner/plaintiff's inability, or unwillingness, to amend a pleading which was essentially undecipherable.

*CONCLUSION*

Petitioner has filed two actions, and has had numerous opportunities to set forth an understandable, viable claim. As of this date, she has not. The Rule 52(b) "Response" should be denied. To the extent that the most recent case is intended to be brought in habeas corpus, no Certificate of Appealability should be issued.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 22, 2017

                          /s/ Gregory G. Hollows
                       GREGORY G. HOLLOWS
         UNITED STATES MAGISTRATE JUDGE